Matter of J.M. (Antionette T.) (2025 NY Slip Op 00163)

Matter of J.M. (Antionette T.)

2025 NY Slip Op 00163

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Docket No. NN-03850/21 Appeal No. 3438 Case No. 2023-05061 

[*1]In the Matter of J.M., A Child Under Eighteen Years of Age, etc., Antionette T. Respondent-Appellant, Robert M. Respondent-Respondent, Administration for Children's Services, Petitioner-Respondent.

The Center for Family Representation, Inc., New York (Charles S. Rosenberg of counsel), for appellant.
Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for Robert M., respondent.
Muriel Goode-Trufant, New York (Jonathan A. Popolow of counsel), for Administration for Children's Services, respondent.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about September 13, 2023, which, to the extent appealed from as limited by the briefs, prior to a fact-finding hearing, granted the application of the Administration for Children's Services pursuant to CPLR 3217(b) for a voluntary discontinuance of the proceeding, and dismissed the neglect petition against respondent mother Antionette T. without prejudice, unanimously affirmed, without costs.
Unless a court states otherwise a voluntary discontinuance is without prejudice and within the court's discretion (see CPLR 3217[b]; see also Matter of Reid v Brown, 165 AD3d 949, 950 [2d Dept 2018]). Family Court's decision was grounded in a legitimate concern that the mother might regress, as she had in the past, once the case was no longer active, potentially putting the child at risk. This concern was particularly justified by the mother's failure to comply with substance abuse treatment and her refusal to participate in toxicology screenings following a positive test for marijuana and cocaine.
We have reviewed the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025